Moncure, P.,
delivered the opinion of the court.
The plaintiff in error was convicted and sentenced to three year’s imprisonment in the penitentiary, for the felony created by the Code; chapter 192, section 49, page 796, which declares that “If a free person obtain by any false pretence or token from any person, with intent to defraud, money or other property, which may be the subject of larceny, he shall be deemed guilty of the larceny thereof,” &c. The indictment contained three counts, in each of which the offence was set out specially, and not in general terms, as in the case of a larceny at common law; except that to the third count there is a conclusion in these words: “And so the jurors aforesaid, upon their oath aforesaid, do say that the said Lewis Leftwich, then and there, in manner and form aforesaid, the said ninety dollars, United States currency, of the value of ninety dollars, of the goods, chattels and property of the said Jeremiah K. Montague, feloniously did steal, take and carry away, against the peace and dignity of the Commonwealth of Virginia.” In each of the counts, the subject charged to have been obtained by false pretences is described in the same words, as “the sum of ninety dollar’s, in United States, currency, of the value of ninety dollars, of the goods and chattels and property of the said Jeremiah II. Montague.” There was a motion to quash *719 the first and second counts, which was overruled; and there was a general demurrer to the whole indictment, which was also overruled. There was then a plea of not guilty, on which verdict and judgment were rendered.
Several errors are assigned in this case, hut only two of them need he noticed. They are, in overruling the motion to quash the first and second counts; and in overruling the demurrer to the whole indictment.
In regard to the motion to quash the first and second counts, it is contended that they ought to have been quashed, because they are not in form as for larceny at common law, and do not allege the stealing, taking and 'Carrying away of the subject of the larceny.
It would certainly have been competent for the pleader to have counted as for a larceny of the subject in the form of an indictment for larceny at common law; and proof of the special facts set out in the act as constituting the offence, would have sustained the charge. Dowdy v. Commonwealth, 9 Gratt. 727, 734. But it is also competent for the pleader, instead of counting for a larceny of the subject in the form of an indictment for larceny at common law, to charge the -specific facts which the act declares shall be deemed larceny. The legal conclusion deducible from these facts is drawn by the act itself, and need not, of necessity, be drawn in the indictment.
The Circuit court, therefore, did not err in overruling the motion to quash, on that ground. The motion was also placed upon another ground, which, however, meed not be noticed, in the view we have taken of this •case.
In regard to the demurrer to the indictment, it is ■•contended that the demurrer ought to have been sustained, ££ because no particular kind of property is alleged to have been stolen; the words, £ United States *720 currency/ being komen generalissimwn, which is not a sufficient description.”,
The statute on which the indictment is founded, de°lares that if a person obtain, by any false pretence,, from any person, with intent to defraud, money or other-property, which may be the subject of larceny, he shall be deemed guilty of the larceny thereof. "We think that the “ money or other property,” which a person may be charged under this statute with having-obtained by false pretences, ought to be described in the indictment with the same particularity which would be required in an indictment for the larceny thereof. The indictment, as we have already seen„ may either be for larceny generally, or for the specific acts which this’ statute says shall be deemed larceny;, and in either case the same particularity of description of the subject is necessary. The same reason for such particularity exists in the one case as in the other.
Then, is the description of the subject in this case sufficient ?
In all the counts of the indictment the subject alleged to have been obtained by the false pretences set out therein, is described as “ the sum of ninety dollars, in United States currency, of the value of ninety dollars of the goods, chattels and property of the said Jeremiah E. Montague.” “Ninety dollars in United States currency,” is the subject of the larceny in each of the counts. Is that a sufficient description of the subject?
We think not. “ United States currency ” may be gold, or silver, or treasury notes, or bank notes. Proof that any of these subjects were obtained by the false pretence alleged, would be perfectly consistent with the indictment; which, therefore, is too vague. It ought to> show what kind of United States currency was* obtained. An. indictment in the common law *721 form, for a larceny of “ United States currency,” eo nomine, would surely not be sufficient. And for the same reason an indictment for obtaining “United States currency ” by false and fraudulent pretences, which is deemed in law, larceny, is not sufficient. An indictment for obtaining “ bank notes ” by false pretences would be good, as in an indictment for stealing “bank notes;” because the statute makes the stealing of “ any bank note ” larceny. Code, p. 789, ch. 192, § 15. But there is no law making the stealing of “ United States currency,” eo nomine, larceny.
In The State v. Longbottoms, 11 Humph. R. 39, the indictment charges a larceny of “ ten dollars good and lawful money of the State of Tennessee.” This was held to be an insufficient description of the thing stolen. The court said: “ "Where personal chattels are the subject of an offence, as in larceny, they must be described specifically by the names usually appropriated to them, and the number and value of each species or particular kind of goods stated.” 2 Hale 182, 183; Arch. Cr. Pl. 49 (London edition). Money should be described “ as so many pieces of the. current gold or silver coin of the realm. . And the species of coin must be stated by its appropriate name.” R. & R. 482; Arch. 50.
In the People v. Ball, 14 Calif. R. 101, it was held that an indictment for larceny, describing the subject stolen as “ three thousand dollars, lawful money of the United States,” is insufficient. The particular denomination or species of coin must be set forth. Citing Arch. Cr. Pl. 61; Whart. Cr. Law 132; and the case in 11 Humph., before referred to. See also 2 Buss, on Crimes, edi. of 1857, pp. 107-113.
We think the cases cited are sustained by the authorities relied on for that purpose and other authorities; from which it follows that the demurrer to the indictment in this case ought to have been sustained.
*722 "Without considering any other question arising in this case, we are, therefore, of opinion, that the judgment of the Circuit court affirming that of the County court, and also the judgment of the County court, is erroneous, and ought to be reversed and annulled, and judgment entered in favor of the plaintiff in error, on the demurrer to the indictment. But, as he is now confined in the penitentiary under the said judgment of the County court, affirmed by the said judgment of the Circuit court, it is necessary that he he brought before this court by habeas corpus, to be disposed of as may be proper; which is ordered accordingly.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the indictment is radically defective, and the demurrer thereto ought to have been sustained, instead of being overruled; and that on that ground both of the said judgments of the Circuit court and of the County court are erroneous. Therefore it is considered that the said judgments he reversed and annulled. And this court, proceeding to give such judgment as the said County court ought to have given, it is further considered by the court that the said demurrer be sustained, and that the said Lewis Leftwich go quit of the offence charged against him by the said indictment; which is ordered to he certified to the said Circuit court.
But it appearing that the said Lewis Leftwich is now in confinement in the penitentiary, under the said judgment of the County court, affirmed by the said judgment of the Circuit court, a writ of habeas corpus is awarded, directed to the superintendent of the penitentiary, commanding him to have the body of the said Lewis Leftwich before this court to-morrow morning at eleven o’clock, together with the day and cause of his capture and detention, in order that the court *723 may make suck order concerning kim as may be proper.
Upon tke return of tke superintendent of tke penitentiary, it appeared tkat tke prisoner kad been kired to a contractor on tke Covington and Okio Railroad, and kad escaped; when tke court made tke following ■order:
Tkis day George F. Strother, superintendent of the penitentiary, appeared in court and made kis return to tke writ of habeas corpus wkick was awarded in tkis case on yesterday, from which return it appears tkat tke said Lewis Leftwick is not now in kis custody, or in tke penitentiary, and has not been since he kas been superintendent thereof: but tkat tke said Lewis Left-wick was kired out by a former superintendent of the penitentiary to a contractor on a railroad, from wkick he made kis escape on tke 22d of June, 1869, and is now going at large. And although tke court, if informed of these facts before hearing and deciding tkis case, would kave pursued tke same course wkick was pursued by tke court in Shearman v. The Commonwealth, 14 Gratt. 677, and in Haze v. The Commonwealth, in 1867 (not reported); tkat is, would not kave decided or heard tke case while tke plaintiff in error was going at large, but would kave made an order tkat tke said writ of error should be dismissed on a certain day, unless it should be made to appear to tkis court on or before tkat day, tkat tke said plaintiff in error was in custody of tke proper officer of tke law; yet, as tke ■case was heard and decided without suck information, tke court deems it proper not to set aside tke judgment entered in tkis case on yesterday, but to permit tke same to stand and remain in full force, and to dismiss the said writ of habeas corpus; wkick is ordered accordingly.